UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - SEATTLE

JON AND RHONDA LANGDON, a married couple,

Plaintiffs,

vs.

KING COUNTY, a Washington municipal corporation; CITY OF ISSAQUAH, a Washington municipal corporation; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; RHONDA TUCKER, in her official capacity as Public Records Manager of the Washington State Patrol; JANE MIRUKA; BLUEWAVE MEDIA; MILLIE QUINTANILLA; APEX MEDIA; RAHKEEM REEVES; WILLIAM ALEXANDER; MARK BUTLER; VINCE TRENT; EWU MEDIA LLC; AVI LAUDON; and DOE REQUESTERS 1–20,

Defendants.

NO. 2:26-cv-04458

ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiffs Jon and Rhonda Langdon's Motion for Temporary Restraining Order (TRO) and Order to Show Cause. Dkt. # 2. The Court has considered the motion and the accompanying declarations. Dkt. ## 2, 3, 4. Plaintiffs seeks to prevent the release of video footage of the collision that killed their son. The motion is provisionally GRANTED IN PART.

The Court may grant a TRO to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent

irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). Therefore, Plaintiff's request for an injunction against release of the video footage is provisionally granted, pending Defendant's response to the motion. This relief is to maintain the status quo so that the Court may review the merits of the TRO motion after full briefing. The Court ORDERS:

1. Defendants King County, the City of Issaquah, John R. Batiste, Rhonda Tucker, their officers, agents, servants, and employees, and all persons in active concert or participation with them who receive actual notice of this order are restrained from releasing, disclosing, or providing a copy of any of the material at issue (i.e., footage, photo, audio recordings, or other media showing or depicting the collision that killed Plaintiff's son, efforts to revive Plaintiff's son, or any other footage of Plaintiff's son on the night of July 31, 2026 or after) to any member of the public, whether in response to a request under the Public Records Act, chapter 42.56 RCW, or otherwise.

2. This Order does not restrict the use or disclosure of any record in the investigation or prosecution of *State v. Sorensen*, including in discovery and in court proceedings, or the sharing of records among law enforcement and prosecuting agencies for those purposes.

3. Defendants shall file a response to the motion on the timeline set by Local Civil Rule 65(b)(5) unless they seek an extension.

4. The Order will expire on December 1, 2026.

5. The Clerk of the Court is directed to re-note the motion, Dkt. # 2, for December 1, 2026.

//
//

DATED this 17th day of November, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE